1
2
3                                                                              O
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10
11   SHADALE LEWIS WILLIAMS,        )   Case No. CV 16-05025-TJH (KES)
                                    )
12                 Petitioner,      )
                                    )
13          vs.                     )   ORDER SUMMARILY DISMISSING
                                    )   PETITION FOR WRIT OF HABEAS
14                                  )   CORPUS FOR LACK OF SUBJECT
     C. PFEIFFER, Warden,           )   MATTER JURISDICTION
15                                  )
                   Respondent.      )
16   _____)

17          On July 8, 2016, Shadale Lewis Williams (hereinafter referred to as
18   "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State
19   Custody" pursuant to 28 U.S.C. § 2254. (Dkt. 1.) The Petition is the fourth habeas
20   corpus petition Petitioner has filed in this Court stemming from his 1997 state court
21   conviction and sentence in Los Angeles County Superior Court ("LACSC") Case No.
22   BA133003.[1] (Id. at 1-2.[2])

23          Concurrently, Petitioner filed documents entitled "Petition For Federal
24

25          [1]On July 17, 1997, after a court trial, Petitioner was convicted of assault with
26   intent to commit rape and thereafter was sentenced to a term of 30 years to life in
27   state prison.

28          [2]All page citations are to the electronic CM/ECF docket.

                                          1

1    Review" and "Notice: Status Of Case On Verified Prison Release." (Dkt. 2-3.[3])

2    Under the Rules Governing Section 2254 Cases in the United States District

3 Courts, a habeas petition filed by a prisoner in state custody "must" be summarily

4 dismissed "[i]f it plainly appears from the petition and any attached exhibits that the

5 petitioner is not entitled to relief in the district court ....." Rule 4, 28 U.S.C. foll.

6 §2254. For the reasons set forth below, the Petition must be dismissed as a second or

7 successive petition pursuant to 28 U.S.C. § 2244(b).

8                             **BACKGROUND**

9    On January 11, 1999, Petitioner filed a habeas petition pursuant to 28 U.S.C.

10 § 2254 in this Court based on his 1997 conviction in LACSC Case No. BA133003,

11 which was given  Case No. CV99-207-MMM (Mc)[4] [hereinafter the "First Action"].

12 On February 24, 1999, Petitioner filed an amended petition in the First Action, which

13 raised two claims for relief, alleging that: the evidence was insufficient to support

14 Petitioner's conviction; and the trial court violated Petitioner's right to compulsory

15 process by relying on the victim's hearsay statement and failing to grant a

16 continuance so that Petitioner could locate the victim and obtain her testimony. The

17 First Action was resolved on the merits and habeas relief was denied by Judgment

18 entered on July 20, 2000. Petitioner did not timely appeal.

19    On April 6, 2005, over four years later, Petitioner again filed a Section 2254

20 _____

21      [3] Petitioner requests the District Court to file his "Petition For Federal Review"

22 (Dkt. 2) with the Clerk's office for the United States Court of Appeals for the Ninth
Circuit. Petitioner also mentioned in his Notice that he submitted an "Application to

23 File Second/Successive Petition-Request-unto (sic) the U.S. 9th Circuit Court of

24 Appeals" along with his Petition for Federal Review. (Dkt. 2 at 2.) Petitioner is
advised that this Court did not receive an "Application to File a Second or Successive

25 Petition" and that if Petitioner seeks to file a second or successive petition he must

26 file the Application in the Ninth Circuit, not the District Court.

27      [4] The Court takes judicial notice of its own files and records. Mir v. Little Co.

28 of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).

1  habeas petition in this Court based on his conviction in LACSC Case No. BA133003,
2  in Case No. CV05-2544-AHS (OP) (the "Second Action"). In the Second Action,
3  Petitioner raised three grounds for relief stemming from the prosecutor's alleged
4  wrongful withholding of impeachment evidence. On February 5, 2007, Judgment was
5  entered dismissing the Second Action, on the grounds that the Petition violated the
6  second or successive petition prohibition set forth in 28 U.S.C.
7  § 2244(b). Petitioner appealed. On September 4, 2007, the Ninth Circuit denied
8  Petitioner's request for a certificate of appealability (Case No. 07-55452).

9  While the Second Action was pending, on September 7, 2005, Petitioner filed
10 an application in the Ninth Circuit, seeking leave to pursue a second or successive
11 Section 2254 petition in this Court (Case No. 05-75206). On February 1, 2006, the
12 Ninth Circuit denied the application.

13 On September 20, 2007, Petitioner filed another Section 2254 habeas petition
14 in this Court based on his 1997 conviction, in Case No. CV 07-6098-TJH (MAN) (the
15 "Third Action"). In the Third Action, Petitioner raised four claims arising out of a
16 restitution order entered by the state court in July 1997, in LACSC Case No.
17 BA133033. On October 4, 2007, Judgment was entered dismissing the Third Action
18 without prejudice, on the grounds that the Petition violated the second or successive
19 petition prohibition set forth in 28 U.S.C. § 2244(b). Petitioner appealed. On June 24,
20 2008, the Ninth Circuit denied Petitioner's request for a certificate of appealability
21 (Case No. 07-56735).

22 The instant Petition raises three claims for relief alleging that there were
23 cumulative errors at Petitioner's trial (denial of Penal Code §§ 1054.1(e) and
24 1054.2(a) disclosures), that the government failed to correct a defective indictment
25 and that Petitioner received ineffective assistance from his private investigator. (Dkt.
26 1 at 5-15.)

27 The Petition now pending is governed by 28 U.S.C. § 2244(b), which provides
28 in pertinent part as follows:

3

1         *(1)    A claim presented in a second or successive habeas corpus*
2    *application under section 2254 that was presented in a prior*
3    *application shall be dismissed.*

4         *(2)    A claim presented in a second or successive habeas corpus*
5    *application under section 2254 that was not presented in a prior*
6    *application shall be dismissed unless--*

7         *(A)    the applicant shows that the claim relies on a new*
8    *rule of constitutional law, made retroactive to cases on collateral*
9    *review by the Supreme Court, that was previously unavailable; or*

10        *(B)(i) the factual predicate for the claim could not have*
11   *been discovered previously through the exercise of due diligence;*
12   *and*

13        *(ii)    the facts underlying the claim, if proven and viewed*
14   *in light of the evidence as a whole, would be sufficient to*
15   *establish by clear and convincing evidence that, but for*
16   *constitutional error, no reasonable factfinder would have found*
17   *the applicant guilty of the underlying offense.*

18        *(3)    (A)    Before a second or successive application permitted*
19   *by this section is filed in the district court, the applicant shall move in*
20   *the appropriate court of appeals for an order authorizing the district*
21   *court to consider the application.*

22   (Emphasis added.)

23        The Petition now pending constitutes a second and/or successive petition
24   challenging the same conviction as Petitioner's prior habeas petitions, within the
25   meaning of 28 U.S.C. § 2244(b). Thus, it was incumbent on Petitioner under
26   § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District
27   Court to consider his new claims prior to his filing of the instant Petition in the
28   District Court.  Petitioner's failure to secure an order from the Ninth Circuit

1   authorizing the District Court to consider any new claims being alleged in the Petition

2   now pending, prior to his filing of the Petition in the District Court, deprives the

3   Court of subject matter jurisdiction. <u>Cooper v. Calderon</u>, 274 F.3d 1270, 1274 (9th

4   Cir. 2001), <u>cert. denied</u>, 538 U.S. 984 (2003).

5        IT THEREFORE IS ORDERED that this action be summarily dismissed

6   without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in

7   the United States District Courts.

8        LET JUDGMENT BE ENTERED ACCORDINGLY.

9

10  DATED:     July 21, 2016

11

12                                   TERRY J. HATTER, JR.

13                                   UNITED STATES DISTRICT JUDGE

14  Presented by:

15

16

17  KAREN E. SCOTT

    United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

5